UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:08-CR-00149-LJM-DKL |
| | ) | |
| DARREN HUGGINS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION ON PETITION FOR
WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION**

This matter is before the Court on a hearing on the Petition and Supplemental Petition for Warrant or Summons for Offender Under Supervision filed on February 20, 2013, and July 16, 2013. Proceedings were held on July 17, 2013, and the Court conducted the following procedures:

1. Defendant Darren Huggins was advised of the nature of the violations alleged against him and acknowledged receipt of the notice of those allegations.

2. A copy of the petition and supplemental petition was provided to Huggins and his counsel, and the Court read those violations to Huggins as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | ***"Any unpaid restitution balance shall be paid during the term of supervision at a rate of not less than $35.00 per week."*** <br><br> Mr. Huggins submitted a $60 payment on January 22, 2013. As of February 13, 2013, no subsequent payments have been made. The current restitution balance is $97,101.91, having paid a total of $835. |
| 2. | ***"The defendant shall pay the costs of the location monitoring program*** |

>   *previously imposed at a rate of not less than thirty-five dollars weekly."*
>
>   On February 4, 2013, Mr. Huggins paid $35 towards unpaid location monitoring fees. The current balance is $1,071.58.
>
> 3. *"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."*
>
>   The offender has not been truthful about where he resides. On June 11, 2013, the offender stated in a telephone voice message that he continued to reside at 4528 Candletree Circle, Apartment 19, and the reason mail was being returned as undeliverable was because he did not have a key to the mailbox. The offender suggested all documents be placed under the floor mat in front of the apartment. Additionally, in monthly supervision reports received on July 2 and July 11, 2013, Mr. Huggins indicated that he resided at 4828 Candletree Circle, Apartment 19, when he did not.
>
> 4. *"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."*
>
>   On July 11, 2013, the apartment manager communicated to the probation officer that 4528 Candletree Circle, Apartment, 19, was vacated on May 8, 2013, and had since been rented to another individual. On July 12, 2013, in response to the probation officer's inquiry, the offender communicated in a telephone message he was staying with a friend in an apartment located just down the hall from apartment 19.

3. Huggins waived his right to a preliminary or other hearing on the allegations in the petitions. The Court placed Huggins under oath and directly asked Huggins whether he admitted the violation of the specifications of his supervised release set forth above. Huggins admitted the violations, and the Court found the violations to have occurred.

4. The most serious grade of violation committed by Huggins constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

5. Huggins has criminal convictions that yield a criminal history category of I.

6. The term of imprisonment applicable upon revocation of Huggins' supervised release is 3-9 months. *See*, U.S.S.G. § 7B1.4(a).

7.      The parties noted that Huggins had cured some outstanding issues of his conditions of supervised release, that he continues to be employed full-time and is current on his child support obligations, that he has not tested positive for illegal drugs, and that he has otherwise been in compliance with the terms of his supervised release.  The parties agreed that no further sanctions are necessary for Huggins' violations and, with the Court's admonishment that Huggins needs to adhere to the terms of his supervised release, he was discharged to continue under the terms of supervised release that he has been under, for the remainder of his term or until further order of the Court.

Accordingly, the Magistrate Judge recommends that Huggins continue under the same terms of supervised release he has been under for the remainder of his term or further order of the Court.

Dated: 07/18/2013

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Winfield D. Ong
Assistant United States Attorney
Winfield.ong@usdoj.gov

Joseph M. Cleary
Indiana Community Federal Defender
Joe_Cleary@fd.org

U. S. Parole and Probation

U. S. Marshal